DANIEL S. MARKOWITZ, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20287.  Promulgated October 31, 1927.

1. Computation of the petitioner's excess-profits tax for the year 1920 under section 302 of the Revenue Act of 1918, approved.
2. Deductions for exhaustion, wear and tear of property used in the trade or business allowed.

*Herbert Choynski, Esq.*, for the petitioner.
*Thomas P. Dudley, Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency in income and profits taxes for the year 1920 in the amount of $2,102, which the respondent, under section 280 of the Revenue Act of 1926, has asserted against the petitioner and Morris L. Markowitz, Abe N. Jackson and Edward Harris, as additional tax liability of the Crescent Theatres, Inc., of which they are stockholders. The petitioner alleges that the respondent erred in disallowing a deduction of $2,750, taken as an allowance for the exhaustion, wear and tear of property owned by the Crescent Theatres, Inc., and in computing the excess-profits tax under section 302 of the Revenue Act of 1918 instead of under section 301 of that Act.

### FINDINGS OF FACT.

The petitioner is and was during the year 1920 a stockholder of the Crescent Theatres, Inc., a corporation which was organized in

the year 1919 for the purpose of leasing and operating moving picture theatres. The record does not disclose the authorized capital of the corporation, the amount of stock actually issued or the amount of money or other property paid in by the stockholders.

In August, 1919, the Crescent Theatres, Inc., obtained a 10-year lease on the Lodi Theatre at Lodi, Calif., and at the same time purchased the furniture, carpets, chairs, motion picture machines and other equipment of the theatre from the former proprietor thereof for $17,500, which was paid in 10 monthly installments of $1,750 each. In the same year it acquired a 10-year lease on the Bijou Theatre at Fresno, Calif., paying in addition to the annual, or monthly rental, a bonus of $2,500. It also purchased the furniture and other equipment of the theatre for $10,000. In the year 1919 the Crescent Theatres, Inc., also purchased a lease on the Crescent Theatre at San Francisco, and the furniture and equipment in the theatre for $10,000. The lease at the time it was so acquired had about nine years to run. In September or October, 1919, the Crescent Theatres, Inc., acquired a lease on the Verdi Theatre in San Francisco, for a term of ten years, and also purchased the furniture and other equipment of the theatre for $65,000, of which $25,000 was paid in cash and $40,000 by notes for $750 each, one of which was payable each month thereafter. In addition to the expenditure mentioned, the Crescent Theatres, Inc., installed a new organ in the Verdi Theatre at a cost of $9,000. When the several theatres and the equipment thereof were acquired by the Crescent Theatres, Inc., the purchase price was furnished by the stockholders of the corporation. The record does not disclose whether the organ subsequently installed in the Verdi Theatre was paid for with money furnished by the stockholders, or out of earnings.

The lease on the Lodi Theatre and the equipment therein were sold by the Crescent Theatres, Inc., in the year 1920 for $30,000. The other assets of the corporation were either sold or transferred to the stockholders subsequent to 1920.

The Crescent Theatres, Inc., in its income and profits-tax return for the year 1920 reported a profit of $9,500 on the sale of the Lodi Theatre, and deducted $2,750 for the exhaustion, wear and tear of the assets of the corporation. It computed its invested capital as $92,500 and its tax liability as $957.97. The respondent disallowed the deduction taken for exhaustion, wear and tear, and did not use any invested capital in determining the excess-profits tax, but computed it under section 302 of the Revenue Act of 1918 and determined a deficiency of $2,102.

OPINION.

MARQUETTE: The position of the parties to this proceeding may be stated in a few words. The petitioner contends that the invested capital of the Crescent Theatres, Inc., for the year 1920 was at least $70,450, which should be taken into consideration in computing its excess-profits tax, and that the amount of $2,750 is a reasonable allowance for the exhaustion, wear and tear of the corporation's assets in that year. The respondent denies that he erred in computing the excess-profits tax of the corporation, or in disallowing the deduction taken for depreciation, and he further contends that the corporation understated in its return, the profit realized from the sale of the Lodi Theatre.

The evidence relative to the invested capital of the Crescent Theatres, Inc., is vague and indefinite and insufficient to warrant us in finding that there was in fact any invested capital. There is no evidence as to the amount of capital stock either authorized or issued or the amount or value of money or other property, if any, paid in by the stockholders when the corporation was organized. The only witness introduced was the petitioner, Daniel S. Markowitz, and his testimony as to this issue is that the money used by the corporation to purchase the several theatre leases and equipment was furnished by the stockholders. "We each paid in so much money every time there was a purchase of any size made." He did not say whether the money so furnished was paid in for stock, as paid-in surplus, or was advanced as loans. In view of the state of the record as to the corporation's invested capital, we do not feel justified in disturbing the respondent's determination.

The evidence relative to depreciation convinces us that the Crescent Theatres, Inc., acquired in 1919 assets costing at least $114,000. The useful life of these assets is not definitely shown but we are satisfied that, considering the evidence and the nature of the assets and their cost, an annual deduction of $2,750 for their exhaustion, wear and tear is not excessive and should be allowed.

The evidence also established that the corporation purchased the Lodi Theatre lease and equipment in 1919 for $17,500, and sold it the following year for $30,000. The profit realized from the sale was therefore the difference between the depreciated cost and the sale price, instead of $9,500, the amount reported by the corporation. The corporation's income should be adjusted accordingly.

*Judgment will be rendered on 15 days' notice, under Rule 50.*

Considered by PHILLIPS, MILLIKEN, and VAN FOSSAN.